UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)
MICK ROCHER,}

V.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,}
{Defendant.

Civil Action No.: 8:26-cv-1934-MSS-AEP

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Mick Rocher, appearing *pro se*, brings this action against Defendant United States Department of Homeland Security ("DHS") to compel the production of agency records under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"). In support thereof, Plaintiff respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(1), as well as 28 U.S.C. § 1331, because this action arises under the laws of the United States.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(5) because Plaintiff resides in Pasco County, Florida, within the Middle District of Florida.

### PARTIES

3. Plaintiff Mick Rocher is an honorably discharged veteran of the United States Air Force residing at 8825 Lazy River Loop, Apt 4-310, New Port Richey, FL 34655.

4. Defendant United States Department of Homeland Security is an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1), headquartered at 2707 Martin Luther King Jr. Ave SE, Washington, D.C. 20528. Defendant DHS has possession, custody, and control of the requested records.

### STATEMENT OF FACTS

5. On or about mid-2025, Plaintiff submitted a formal, multi-item request to Defendant DHS seeking access to records concerning himself and related national security programs. The request specifically enumerated four categories of records:

NP

Item 1: Records relating to Plaintiff's potential inclusion in the Terrorist Screening Database (TSDB), Terrorist Screening Center lists, No-Fly List, Selectee List, or any successor programs.

Item 2: Directives, risk assessments, reports, memoranda, or other records created or maintained by DHS components referencing Plaintiff in connection with the Strategic Implementation Plan for Countering Domestic Terrorism (published June 2021 by the National Security Council).

Item 3: Emails, memoranda, or other communications between DHS and private sector partners (including telecommunications or social media entities) referencing or concerning Plaintiff.

Item 4: Case files, entries, or reports referencing Plaintiff within the Sentinel case management system accessible to DHS through interagency sharing agreements, including "Restricted Files" or "Prohibited Access" entries.

6. Defendant DHS initially assigned the request Reference No. 2025-HQFO-06056. DHS subsequently issued an initial determination that categorically refused to confirm or deny the existence of records responsive to Item 1, invoking FOIA Exemptions 3 and 7(E), alongside 49 U.S.C. § 114(r). DHS further refused to process Items 2 through 4, alleging insufficient search parameters and a lack of proper identity verification.

7. On September 19, 2025, Plaintiff timely submitted an administrative appeal challenging the "neither confirm nor deny" (Glomar) determination regarding Item 1. Simultaneously, Plaintiff perfected his request for Items 2 through 4 by satisfying the identity verification requirements of 6 C.F.R. Part 5 § 5.3(a) through a formal declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, verifying his legal name, current address, date of birth (03-23-1993), and place of birth (Port-Au-Prince, Haiti). Plaintiff also narrowed the precise time parameters (January/June 2021 to September 2025) and targeted specific DHS components, including the Office of Intelligence and Analysis (I&A) and the Cybersecurity and Infrastructure Security Agency (CISA).

8. By operation of law under 5 U.S.C. § 552(a)(6)(A)(ii), Defendant DHS was required to make a final determination regarding Plaintiff's administrative appeal and perfected requests within twenty (20) business days.

9. To date, Defendant DHS has failed to issue a final administrative determination, failed to conduct an adequate search in good faith, and failed to produce any non-exempt responsive records.

10. Plaintiff has fully exhausted all administrative remedies required by law.

COUNT I

Violation of the Freedom of Information Act (5 U.S.C. § 552)

(Unlawful Withholding of Agency Records)

11. Plaintiff realizes and incorporates paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff has a statutory right under FOIA to access the requested agency records.

13. Defendant DHS's categorical refusal to confirm or deny the existence of records responsive to Item 1 represents an unlawful application of FOIA Exemptions 3 and 7(E), lacking the required tailored specificity or showing of foreseeable harm required by law.

14. Defendant DHS's ongoing failure to conduct an adequate search or produce responsive records for Items 2, 3, and 4 constitutes an unlawful withholding of agency records in violation of 5 U.S.C. § 552(a)(3)(A).

COUNT II

Violation of the Privacy Act of 1974 (5 U.S.C. § 552a)

(Failure to Provide Access to Personal Records)

15. Plaintiff realizes and incorporates paragraphs 1 through 10 as if fully set forth herein.
16. Plaintiff is an "individual" within the meaning of 5 U.S.C. § 552a(a)(2) and has verified his identity to the agency under penalty of perjury.

17. Defendant DHS maintains systems of records containing information directly pertaining to individuals, indexed by personal identifiers, within the meaning of 5 U.S.C. § 552a(a)(5).

18. Defendant DHS has unlawfully failed to provide Plaintiff access to records pertaining directly to him within those systems, in violation of the access provisions of 5 U.S.C. § 552a(d)(1).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that the records requested by Plaintiff are public records under 5 U.S.C. § 552 and personal records accessible under 5 U.S.C. § 552a;

2. Order Defendant DHS to withdraw its unlawful "neither confirm nor deny" (Glomar) response regarding Item 1;

3. Order Defendant DHS to conduct a thorough, good-faith search across all relevant components and immediately produce all responsive, non-exempt records to Plaintiff;

4. Enjoin Defendant DHS from continuing to withhold the requested records;

5. Award Plaintiff his reasonable litigation costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(4); and

6. Grant  such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 4 , 2026

By:

Mick Rocher, Plaintiff Pro Se

8825 Lazy River Loop, Apt 4-310

New Port Richey, FL 34655

Email: rmick0540@gmail.com

Tel: (303)-548-0608